**Abdel ELTAYIB, Appellant,**

v.

**UNITED STATES COAST GUARD, Freedom of Information Act Unit, Office of Law Enforcement, Appellee.**

No. 02–5225.

United States Court of Appeals, District of Columbia Circuit.

Dec. 20, 2002.

Before HENDERSON, TATEL, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's orders filed September 15, 2000, denying the motion for contempt, and January 4, 2002, denying the motion for a monetary sanction of $25,000, be

affirmed. Appellant declined to pursue his contempt motion in the district court, and the district court had no opportunity to rule on the merits of the motion. Consequently, appellant may not pursue the claim on appeal. *Cf. Smith v. Horner,* 846 F.2d 1521, 1523–24 & n. 3 (D.C.Cir.1988) (per curiam) (employee, who had an opportunity to pursue a Title VII claim, waived the claim by responding that his appeal from a denial of benefits involved no claim of discrimination); *District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1085 (D.C.Cir.1984) (absent exceptional circumstances, the court's normal rule is to not consider a question of law that was not first passed upon by the district court). Furthermore, appellant contends for the first time on appeal that the district court abused its discretion when it did not hold appellee in contempt under 5 U.S.C. § 552(a)(4)(F) or (G), and no exceptional circumstances warrant a departure from the court's standard practice of not considering an issue raised for the first time on appeal. *See United States v. Alvarez–Sanchez,* 511 U.S. 350, 360 n. 5, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994); *National Ass'n of Mfrs. v. Department of Labor,* 159 F.3d 597, 605–606 (D.C.Cir.1998); *Air Florida, Inc.,* 750 F.2d at 1084.

With respect to the order denying the motion for sanctions, appellant clearly sought the $25,000 as a punitive measure. The Freedom of Information Act (FOIA), however, does not authorize the collection of damages. *See Thompson v. Walbran,* 990 F.2d 403, 405 (8th Cir.1993) (inmate was not entitled to recover monetary damages for alleged failure to comply with postconviction request under FOIA); *Cunningham v. FBI,* 664 F.2d 383, 387 (3d Cir.1981) (Congress did not create in FOIA positive incentives to litigation by authorizing, for example, punitive damages). Furthermore, as a pro se litigant, appellant is not entitled to an award of

attorneys' fees under FOIA. *See Benavides v. Bureau of Prisons,* 993 F.2d 257, 258–59 (D.C.Cir.1993).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.