# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-1915

DENNIS R. WALSH,

*Plaintiff-Appellant,*

v.

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03-C-225—**William C. Griesbach**, *Judge.*

———————

ARGUED JANUARY 4, 2005—DECIDED MARCH 10, 2005

———————

Before FLAUM, *Chief Judge*, and EVANS and WILLIAMS,
*Circuit Judges*.

EVANS, *Circuit Judge*. In January 2002, Dennis Walsh
sent a Freedom of Information Act (FOIA) request to the
United States Department of Veteran Affairs seeking "all
records maintained by your agency pertaining to myself,
covering the period January 1, 1973 to current date." Walsh
received a set of documents from the VA several months
later. Although he also received a letter saying he had been
given his "entire VA claims file," Walsh actually did not

receive the rest of the records he requested for over another year. That delay forms the basis of this appeal.

Walsh knew that the first set of records he received was incomplete because it did not include documents associated with his treatment during 1977 and 1985-86 at the Department of Veterans Affairs Blind Rehabilitation Center in Hines, Illinois. In April 2002, Walsh wrote to the FOIA officer at the VA regional office in Milwaukee to inform him that the file he received was incomplete and to request the records from the rehabilitation center in Hines. Walsh also sent an FOIA request for those records directly to the VA hospital in Hines. The hospital informed Walsh that it could not retrieve his records with the information he provided. Walsh filed an administrative appeal, which included more specific information about his stay in the Hines hospital. He received eight documents from the hospital on June 3, 2002.

Knowing that there were still more records, Walsh traded several letters with the Hines facility over the summer, with Walsh requesting records and the hospital denying that it had them. In September the hospital informed Walsh that his records were transferred (when, we don't know) to Milwaukee, but the VA regional office there told Walsh it was up to him to find the records. Walsh filed an FOIA administrative appeal in December 2002. He filed this suit in March 2003. Two months later Walsh received a packet of medical records, along with a letter stating that the VA was continuing to look for additional documents. On June 24, 2003, Walsh received what he acknowledges are all the remaining records covered by his various requests. Still, Walsh went ahead with his suit, seeking a judicial declaration that he was entitled to those records, along with costs and attorney fees. The district court granted the VA's motion for summary judgment, finding that Walsh's claim was moot. Walsh appeals the grant of the VA's motion and the denial of his motion for summary judgment, arguing that his claim

is not moot under the FOIA and that he is entitled to judicial review under the Administrative Procedures Act (APA).

We review the district court's decision *de novo. See Allen v. City of Chicago*, 351 F.3d 306, 311 (7th Cir. 2003). In general, "[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot." *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993). *See also Matter of Wade*, 969 F.2d 241, 248 (7th Cir. 1992) ("In FOIA cases, mootness occurs when requested documents have already been produced."); *DeBold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir. 1984) ("Once the requested documents have been produced, the claim for relief under FOIA becomes moot."); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform.").

Walsh contends that two related exceptions to the mootness doctrine apply to his claim: cases involving "voluntary cessation," *see Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 747 (7th Cir. 1999), and actions that are "capable of repetition yet evading review," *see Krislov v. Rednour*, 226 F.3d 851, 858 (7th Cir. 2000). Whether either doctrine applies to this case depends on the likelihood that Walsh will request additional documents and that the VA will again fail to produce them in a timely manner. *See Milwaukee Police Ass'n*, 192 F.3d at 747 ("Voluntary cessation of allegedly illegal conduct does not render a case moot unless the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated.'" (quoting *DiGiore v. Ryan*, 172 F.3d 454, 466 (7th Cir. 1999))); *Krislov*, 226 F.3d at 858 ("This exception to the mootness doctrine is applicable . . . where the challenged situation is likely to recur and the same complaining party would be subjected to the same adversity.").

The theoretical possibility that Walsh might again have to wait for requested records is not enough to keep his claim alive. *See In re Associated Press*, 162 F.3d 503, 511 (7th Cir. 1998) (requiring "reasonable expectation that the same complaining party would be subjected to the same action again" (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975))). Therefore, we agree with the district court's finding that Walsh's claim under the FOIA was moot. As the district court found, there is little reason to think that Walsh will ever request additional records. Because locating the records he has received required so much effort and he already has the whole kit and caboodle, the faint possibility that he might generate more records in the future, request them, and wait too long to receive them is an insufficient reason for saying this case is not moot. And while it is not beyond the realm of possibility that Walsh will some day find reason to request additional documents, there is no reason to believe that the VA will again fail to provide them in a timely manner. The delays he unfortunately encountered seem to have been caused by simple confusion about the physical location of the records. In fact, part of the blame lies with Walsh, who only requested records from one VA regional office in Milwaukee because he did not realize there were two regional offices there. Now that he knows better where to send his requests, Walsh likely would receive future records on time. In making these observations we specifically note that there is no hint here that the VA was acting in bad faith.

Walsh also argues that the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, gives him an independent cause of action. He claims this separate action is necessary because the FOIA's citizen suit provision provides only injunctive relief and has no remedy for cases such as this one in which an agency is late in producing the requested records.

Walsh cites *Bennett v. Spear*, 520 U.S. 154 (1997), for the proposition that the APA provides an independent cause of

action absent an express congressional intent for an exclusive statutory remedy. But the Court there twice noted that under the APA, judicial review is appropriate for an agency action only when "there is no other adequate remedy in a court." *Id.* at 162 and 175 (quoting 5 U.S.C. § 704). And here, the FOIA provides an adequate remedy. Under either statute, Walsh's remedy would be what he has already received—a court order requiring total compliance with his request. Thus, the APA does not provide an alternate means for Walsh to keep his suit alive. *See Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action. . . . § 704 'does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures.' ").

Although Walsh is correct when he argues that our ruling leaves someone making a FOIA request without recourse if an agency belatedly complies with that request, he is wrong when he argues that Congress must not have intended that result. The judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—3-10-05