# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-1912

THE CORNUCOPIA INSTITUTE,

*Plaintiff-Appellant,*

*v.*

UNITED STATES DEPARTMENT OF AGRICULTURE,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 06 C 182—**Barbara B. Crabb**, *Chief Judge.*

ARGUED JANUARY 22, 2009—DECIDED MARCH 26, 2009

Before MANION and KANNE, *Circuit Judges*, and
KENDALL, *District Judge.**

KANNE, *Circuit Judge.* Between August 2005 and February 2006, the Cornucopia Institute submitted to the United States Department of Agriculture three separate requests for production of various public documents

---

* Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, is sitting by designation.

under the Freedom of Information Act, 5 U.S.C. § 552. FOIA requires that a public agency respond to such requests within twenty days, *id.* § 552(a)(6)(A), but an agency may extend the period by ten days upon written notice to the party making the request, *id.* § 552(a)(6)(B). In response to each of these requests, the USDA informed Cornucopia that it was utilizing the permissible ten-day extension, but it then failed to respond within the required time period.

On April 6, 2006, Cornucopia filed suit in the Western District of Wisconsin, seeking injunctive relief, a writ of mandamus, and attorneys' fees and costs.[1] On June 1, 2006, while the suit was pending, the USDA produced numerous documents in response to Cornucopia's requests.[2] The district court dismissed the case, holding that the USDA's production of the requested documents had rendered Cornucopia's claim moot. It also denied Cornucopia's request for attorneys' fees and costs, finding that it had not "substantially prevailed" under 5 U.S.C. § 552(a)(4)(E), as defined by *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).

---

[1] Plaintiffs are not entitled to monetary damages for violations of FOIA because 5 U.S.C. § 552(a)(4)(B) authorizes only injunctive relief. *See, e.g.*, *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993); *Eltayib v. U.S. Coast Guard*, No. 02-5225, 2002 WL 31866267, at *1 (D.C. Cir. Dec. 20, 2002); *King v. Califano*, 471 F. Supp. 180, 181 (D.D.C. 1979).

[2] Cornucopia does not challenge the completeness of the USDA's response.

Cornucopia appeals, arguing that the district court erred in (1) dismissing the case because Cornucopia's claim was moot and (2) prematurely ruling on whether Cornucopia was entitled to attorneys' fees. We review both issues *de novo. See Zessar v. Keith*, 536 F.3d 788, 793 (7th Cir. 2008) ("Whether a case has been rendered moot is a question of law that we review de novo." (quotations omitted)); *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chi.*, 326 F.3d 924, 932 (7th Cir. 2003) ("[W]hen . . . the district court's denial of an attorney's fee award rests on the application of a principle of law, our review is *de novo*.").

Turning first to the district court's mootness determination, we have held that " '[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot.' " *Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005) (alteration in original) (quoting *Anderson v. U.S. Dep't of Health & Human Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993)). Despite the clear holding of *Walsh*, Cornucopia asserts that its claim is not moot, relying on the distinction between moot *claims* and moot *relief*.[3] Although Cornucopia concedes that injunctive relief would no longer be appropriate, it maintains that the district court

---

[3] At oral argument, Cornucopia made brief reference to the "capable of repetition yet evading review" exception to the mootness doctrine. However, Cornucopia has waived this argument by failing to raise it in its briefs. *See Valentine v. City of Chi.*, 452 F.3d 670, 680 n.1 (7th Cir. 2006).

remained free to issue a declaratory judgment that the USDA violated FOIA. We find this argument unpersuasive.

It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). Thus, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed." *Id.* (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Although Congress has authorized courts to issue declaratory relief in some cases, this authority is merely procedural. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). The constitutional requirement of a justiciable case or controversy remains applicable. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 138 (2007) ("The Declaratory Judgment Act did not (and could not) alter the constitutional definition of 'case or controversy' or relax Article III's command that an actual case or controversy exist before federal courts may adjudicate a question.").

Because of these jurisdictional requirements, we have held that declaratory judgment is appropriate only when the court's ruling would have an impact on the parties. *See St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 627-28 (7th Cir. 2007); *Wernsing v. Thompson*, 423 F.3d 732, 745 (7th Cir. 2005) (noting that when injunctive relief is barred, "a declaratory judgment *as a predicate to a damages award* can survive" (emphasis added) (quotations omitted)); *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001) (holding the

plaintiff's claim moot because the declaratory relief requested "would have no impact on the parties to this suit or on the results of the [contested] election"). For example, in *St. John's*, we held that the plaintiff's claims were moot where it sought only a declaratory judgment that a challenged action violated the First Amendment and other laws. 502 F.3d at 627-28. We noted that "[e]ven though *someone* may be affected by the [defendant's actions], that 'someone' is no longer [the plaintiff], and it is well established that the 'case or controversy' requirement applies to declaratory judgments, just as it applies to every other kind of litigation in federal court." *Id.* at 628.

Thus, although Cornucopia is correct that its entire claim is not mooted simply because the *specific* relief it sought has been rendered moot, it must still demonstrate that the court's adjudication would affect it in some way. It has failed to do so. Cornucopia does not seek any response to its FOIA requests beyond what it already has received, nor does it claim to be entitled to damages. The only cognizable way Cornucopia could be affected by this lawsuit is through an award of attorneys' fees. But because a claim for attorneys' fees is separate from the merits of the action, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988), it cannot save Cornucopia's FOIA claim from becoming moot. *Anderson*, 3 F.3d at 1384-85 (holding that the plaintiff's FOIA claims were moot even though the issue of attorney's fees remained unresolved). The district court therefore properly dismissed the case as moot, and we now turn to Cornucopia's argument that the district court erred in denying its request for attorneys' fees.

Simply because a claim is moot does not necessarily preclude the plaintiff from seeking attorneys' fees, because such a request "'survive[s] independently under the court's equitable jurisdiction.'" *Id.* at 1385 (quoting *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986)). However, the district court rejected Cornucopia's fee request because it had not "substantially prevailed" as required by 5 U.S.C. § 552(a)(4)(E).

Cornucopia claims that the district court's ruling on the issue of attorneys' fees was premature because it had not yet made a motion requesting these fees. However, it is undisputed that Cornucopia included a request for attorneys' fees and costs in its prayer for relief. Furthermore, Cornucopia moved for summary judgment "on the issue that it is a prevailing party." It then stated that if the motion were granted in its favor, it would file a separate motion for attorneys' fees and costs. The district court ruled on the summary judgment motion and held that Cornucopia was *not* a prevailing party under *Buckhannon*, 532 U.S. at 604-05, because it had not obtained any form of judicial relief. Once the court made this ruling, there was no way for Cornucopia to obtain attorneys' fees absent the court's reconsideration of that decision. Thus, it was appropriate for the district court to summarily reject the request for attorneys' fees and costs included in Cornucopia's prayer for relief once it held that Cornucopia was not a prevailing party.

We note that the propriety of the district court's reliance on *Buckhannon* in holding that Cornucopia was not a prevailing party is questionable in light of the OPEN

Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 (2007), which was passed while this appeal was pending. This Act eliminated the requirement set forth in *Buckhannon* that a plaintiff receive some form of judicial relief in order have "substantially prevailed" under FOIA. *See* 5 U.S.C. § 552(a)(4)(E)(ii) ("For purposes of this sub-paragraph, a complainant has substantially prevailed if the complainant has obtained relief through ei-ther—(I) a judicial order, or an enforceable written agree-ment or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."); *see also Wildlands CPR v. U.S. Forest Serv.*, 558 F. Supp. 2d 1096, 1098 (D. Mont. 2008) (noting that the OPEN Government Act revived the catalyst theory and "gut[ted] the *Buckhannon* anal-ysis"). This circuit has not yet determined whether the OPEN Government Act applies retroactively, and we need not do so today because Cornucopia has waived this argument.[4] Although Cornucopia mentioned the

---

[4] In its reply brief, Cornucopia seems to indicate that it is quite clear that the OPEN Government Act applies retroactively. However, it does not develop this argument, simply stating that the USDA's argument to the contrary is "not true." In support, it cites only one district court case, *Judicial Watch Inc. v. Bureau of Land Mgmt.*, 562 F. Supp. 2d 159 (D.D.C. 2008). How-ever, that court has subsequently issued a contrary ruling, *see N.Y.C. Apparel v. U.S. Customs & Border Prot. Bureau*, 563 F. Supp. 2d 217, 220 (D.D.C. 2008), and neither decision is binding on this court. Thus, we believe that the retroactive

(continued...)

OPEN Government Act and its effect on *Buckhannon* in Footnote 1 of its opening brief, it did not develop the argument for the purposes of appeal. *See United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006) (holding that arguments not fully developed until a reply brief are waived). Instead, it merely informed the court that "[t]he impact of the Act on this case will be addressed in a subsequent motion of Cornucopia's for fees and costs, if such a motion is warranted." (Petr.'s Br. 9 n.1.) Although Cornucopia developed the argument more fully in its reply brief, this is "too little, too late." *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005).

In conclusion, we hold that Cornucopia's claims under FOIA are moot and the district court did not err in dismissing the case. Cornucopia requested attorneys' fees in its prayer for relief, and the district court was free to deny that request after ruling that Cornucopia was not a prevailing party. The judgment of the district court is AFFIRMED.

---

[4] (...continued)
applicability of the OPEN Government Act is much less certain than Cornucopia would make it seem.