**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 8, 2010[*]
Decided September 9, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1098

| | |
|---|---|
| BUFORD O'NEAL FURROW JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:09-cv-387-WTL-DML |
| HARLEY G. LAPPIN, et al., *Defendants-Appellees*. | William T. Lawrence, *Judge*. |

**O R D E R**

Buford Furrow, an inmate at the federal penitentiary in Terre Haute, Indiana, filed this suit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that employees at the penitentiary and officials from the Bureau of Prisons violated his First Amendment right to petition the government for redress of grievances by hindering his attempts to pursue administrative remedies; retaliated against him for attempting to exercise that right; and violated the Eighth Amendment by acting with

---

[*] The defendants were not served in the district court and are not participating in this appeal. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

deliberate indifference to his pursuit of remedies. The district court dismissed the complaint for failing to state a claim. *See* 28 U.S.C. § 1915A. Citing *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008), and *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996), the court reasoned that Furrow had no substantive due-process right to a grievance procedure and no expectation of a particular outcome when he filed grievances.

Furrow argues on appeal that the district court misconstrued his claims. He says, first, that he was not claiming a due-process right to a grievance procedure or a favorable outcome, and reiterates that his focus was on his First Amendment right to petition for redress of grievances. He contends that the defendants infringed upon that right by obstructing his efforts to exhaust administrative remedies—specifically, by withholding forms, refusing to process his requests, and violating Bureau of Prisons regulations.

But Furrow has failed to allege a violation of his First Amendment rights, because his allegation that the withholding of grievance forms prevented him from exhausting remedies fails to establish an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-353 (1996). He did not allege that he was denied an opportunity to present claims in court. The defendants, moreover, were not obligated to process Furrow's requests, because there is no inherent constitutional right to an effective prison grievance procedure. *See Grieveson*, 538 F.3d at 772; *Antonelli*, 81 F.3d at 1430. Furthermore, the sheer number of requests for administrative remedies submitted by Furrow belies any claim that his First Amendment rights were impeded. By our count, his complaint catalogs 81 requests submitted between January 2007 and August 2009; in his appellate brief he says there were more than 100.

Furrow also argues that the defendants' repeated rejection of his requests constituted deliberate indifference to threats of harm or unconstitutional conditions of confinement, in violation of the Eighth Amendment. As he acknowledges, however, his requests were rejected almost without exception for procedural deficiencies. He either failed to try first to resolve grievances informally, or—as occurred with 73 of the 81 requests we count in the complaint—he submitted requests to the Bureau of Prisons' regional and central offices without first submitting them, as required, to prison officials in Terre Haute. *See* 28 C.F.R. §§ 542.13-14. The defendants who reviewed his requests and rejected them for failing to comply with procedural rules only did their jobs, and for that they cannot be liable. *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Furrow has failed to state an Eighth Amendment claim.

Accordingly, we AFFIRM the judgment of the district court.