NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011[*]
Decided May 6, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1628

| | |
|---|---|
| BUFORD O'NEAL FURROW, JR.,<br>   *Plaintiff-Appellant*,<br><br>   *v.*<br><br>FEDERAL BUREAU OF PRISONS,<br>   *Defendant-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:09-cv-326-RLY-WGH<br><br>Richard L. Young,<br>*Chief Judge*. |

**O R D E R**

Federal inmate Buford Furrow filed suit in the district court under the Freedom of Information Act, 5 U.S.C. § 552, seeking to compel the Federal Bureau of Prisons to turn over records from his prison file for which a FOIA administrative request had been lodged

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

more than a year before.  Furrow's lawsuit prompted the BOP to release most of the records he wanted, but the agency withheld a number of documents as exempt from release.  The BOP then moved to dismiss on the ground that its incomplete disclosures had rendered the matter moot.  The district court accepted this view and dismissed the suit.  We conclude that a live dispute remains, and thus remand for further proceedings.

The relevant facts are not disputed.  Furrow first requested copies of records from his BOP file in early 2007.  The records were withheld by administrators at the facility where he was incarcerated, so in June 2008 he made an administrative demand pursuant to FOIA, *see* 5 U.S.C. § 552(a)(3)(A); U.S. Dep't. of Justice, Federal Bureau of Prisons, Program Statement 1351.05—Release of Information (Sept. 19, 2002), www.bop.gov/policy/progstat/ 1351_005.pdf.  Furrow asked for copies of his inmate central file; records of his medical, dental, and psychological treatment; and documents pertaining to his use of BOP administrative remedies.  FOIA requires that an agency make a determination upon a request within twenty business days, 5 U.S.C. § 552(a)(6)(A), or within 30 thirty days if it notifies the requesting party that more time is needed, *id*. § 552(a)(6)(B). The BOP acknowledged receipt of Furrow's request and six months later sent him a bill for $140 – which he authorized to be deducted from his inmate trust account – but no documents were ever released.

After waiting 16 months Furrow filed this action in October 2009.  See *id*. § 552(a)(4)(B).  Soon after receiving his complaint, the BOP wrote Furrow advising that it had identified a total of 961 pages responsive to his administrative request.  Of these, the BOP deemed 888 pages releasable in full, 30 more releasable subject to redaction, and 43 exempt from disclosure.  The BOP also concluded that 62 pages of the releasable records posed a safety risk both to Furrow and prison staff because they contain information about his reputed gang affiliation.  As a result the BOP informed Furrow that these 62 pages would be made available for his review but not handed over.  In addition the BOP told Furrow that 825 pages of medical records had been given to him previously, but that he should advise in writing if he wished to receive a second copy of these as well.  In its letter the BOP listed several FOIA exemptions that agency said support its choice to withhold and redact documents, but the letter provided no information about the nature of those documents and did not individually match documents with claimed exemptions.

On the basis of this letter the BOP then filed a motion to dismiss Furrow's lawsuit or, in the alternative, for summary judgment.  The BOP asserted that there no longer is a case or controversy because it had given Furrow everything the agency thought he was entitled to receive.  Furrow responded with a motion seeking a *Vaughn* index. See *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 n.3 (7th Cir. 1998) (describing a *Vaughn* index as "comprehensive listing of each withheld document cross-referenced with the FOIA

exemption that the Government asserts is applicable"); *Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C. Cir. 1973). Furrow also filed an opposition to dismissal. He did not dispute that many of the documents he requested had been tendered to him. (Furrow had declined to take possession of the documents, apparently on the assumption that doing so could be deemed a waiver of the rest of his claims in this FOIA suit. But a plaintiff may accept a partial disclosure without losing his right to pursue the rest of the documents.) Furrow did challenge the non-disclosure of the 43 pages listed as exempt and the "view only" limitation placed on 62 more pages, and he also asserted that the medical records given to him before he filed suit (and offered to him again in the November 2009 letter from the BOP) are incomplete.

The district court denied without prejudice Furrow's motion for a *Vaughn* index. The court reasoned that the motion was premature given the BOP's contention that the FOIA action had become moot. The court then granted the BOP's motion to dismiss on the ground that the "pleadings and the record associated with the BOP's motion" establish that the agency "provided Furrow or made available to him for his inspection all the agency records he requested, except for those which Furrow does not contend have been improperly withheld." As a consequence, the district court reasoned, Furrow's suit under FOIA had become moot.

On appeal Furrow maintains that the district court erred in accepting the premise that the BOP mooted Furrow's lawsuit by producing some, but not all, of the records he requested. We agree. Furrow's suit has been narrowed greatly by the disclosures the BOP finally made, but the agency has not provided everything Furrow wants, and he disputes the validity of the exemptions the BOP claims. Plainly, then, a case or controversy remains. The district court based its dismissal on an assumption that Furrow had received everything he requested save for those records he "does not contend have been improperly withheld." But the record does not support this conclusion.

The BOP has made available most of what Furrow wants. But the volume of disclosures already made is not an answer to Furrow's demand for the documents withheld, and the affidavits and evidence that the BOP presented to the district court do not provide a sufficient record on which to evaluate whether the agency has a legitimate reason for not giving Furrow all that he requests. Dismissal of a FOIA suit as moot is appropriate where the agency has produced everything requested, *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 675-76 (7th Cir. 2009); *Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005), but an action is not moot simply because an agency has decided that its partial disclosures are enough, see *In re Wade*, 969 F.2d 241, 248 (7th Cir. 1992). The very point of a suit under § 552(a)(4)(B) is to resolve disputes about the legitimacy of an agency's refusal to fully honor a request for disclosure, see, *e.g., Bloomberg, L.P. v. Bd. of Governors of the Fed.*

*Reserve Sys.*, 601 F.3d 143, 147 (2d Cir. 2010); *Aronson v. IRS*, 973 F.2d 962, 966 (1st Cir. 1992), and in this instance the BOP admits that it did not provide Furrow with all the documents he requested. The BOP did not give the district court any information about the nature of the documents withheld and the exemptions asserted as to each document, nor did the agency take the alternative approach of submitting the undisclosed documents to the court for *in camera* inspection and evaluation. See, *e.g., Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 367-71 (4th Cir. 2009) (explaining that agency claiming exemptions from disclosure must provide district court with sufficient information to permit meaningful review); *Patterson v. IRS*, 56 F.3d 832, 838 (7th Cir. 1995) (same); *Wright v. OSHA*, 822 F.2d 642, 646 (7th Cir. 1987) (same); *see also* Office of Info. Policy, U.S. Dep't of Justice, Guide to the Freedom of Information Act at 807 (2009) (explaining that summary judgment is not appropriate where agency provides insufficient information to review claimed exemptions). We express no view concerning whether the BOP will be able to substantiate its assertion that only exempt documents have been withheld from Furrow, but so far the agency has neither vindicated its position nor turned over everything that Furrow wants. And until the BOP does one or the other, a redressable dispute remains between the parties.

We add one further observation. After Furrow filed his notice of appeal in this litigation, he disqualified himself from proceeding *in forma pauperis* in future civil litigation by incurring four recent litigation "strikes" under 28 U.S.C. § 1915(g). See *Furrow v. Marberry*, No. 10-3232, 2011 WL 835605 (7th Cir. Mar. 11, 2011) (nonprecedential disposition); *Furrow v. Lappin*, 393 F. App'x 398 (7th Cir. 2010) (nonprecedential disposition); *Furrow v. Marberry*, No. 10-cv-00190 (S.D. Ind. Sept. 1, 2010); *Furrow v. Lappin*, No. 09-cv-00387 (S.D. Ind. Dec. 28, 2009). Absent a showing of imminent danger, Furrow must prepay all filing and docketing fees before initiating any new lawsuit or appeal.

The judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this decision.