# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3205

_____

Central Platte Natural Resources
District,

    Appellant,

  v.

United States Department of
Agriculture; Farm Service Agency,

    Appellees.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\*
\*
\*
\*

_____

Submitted: May 11, 2011
Filed: June 27, 2011

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Central Platte Natural Resources District (Central Platte) sought disclosure of geospatial data from the United States Department of Agriculture and the Farm Service Agency (collectively the USDA) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq. The district court[1] dismissed Central Platte's APA claim on the ground

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

that it already had an adequate remedy and granted summary judgment on its FOIA claim on the ground that the USDA was not required to disclose the requested geospatial data. Central Platte now appeals the district court's rulings. We affirm.

I.

Central Platte is a political subdivision of the State of Nebraska which is responsible for administering various programs related to the state's natural resources. A Nebraska statute authorizes Central Platte to cooperate with agencies, such as the USDA, to carry out projects for the benefit of the district. Neb. Rev. Stat. § 2-3235. To that end Central Platte has entered into several agreements with USDA agencies. For example, Central Platte cooperates with the USDA in its Conservation Reserve Enhancement Program which seeks to restore wildlife habitat and protect environmentally sensitive land.

Under a cooperative agreement with a USDA agency, Central Platte was specifically obligated to provide the agency with a specialist to help it develop a Geographic Information System (GIS). GIS is a computer system that assembles, stores, manipulates, and displays geospatial information. GIS data may be used to produce flood maps, conduct the census, and respond to natural hazards. The USDA informally shared the GIS data with Central Platte for a period of time, but stopped in 2005 because the data identifies individual farm owners, operators, borrowers, and other agricultural producers.

In July 2008, Central Platte requested that the USDA release GIS data related to farmland in eleven Nebraska counties. It brought its request under the federal Privacy Act, which requires agencies to withhold private information about individuals unless the data falls within a published "routine use." 5 U.S.C. § 552a. The USDA can disclose the requested GIS data pursuant to twenty five published routine uses. Revision to the Privacy Act System of Records Notice, 72 Fed. Reg.

70559, 70563 (Dec. 12, 2007). Central Platte specifically cited two of the USDA's routine use exceptions in support of its request. In August 2008, before the USDA had responded to the Privacy Act request, Central Platte submitted a FOIA request for the same data.

In making both requests Central Platte acknowledged that the 2008 Farm Bill, codified at 7 U.S.C. § 8791, prohibits the disclosure of "geospatial information." Central Platte cited an exception in the statute, which provides that an agency "may release or disclose the information" to those "working in cooperation with the Secretary in any Department program . . . when providing technical or financial assistance with respect to the agricultural operation, agricultural land, or farming or conservation practices . . . ." 7 U.S.C. § 8791(3)(A)(i). Central Platte contended that it qualified for that exception because it cooperates with the USDA on many endeavors.

The USDA denied Central Platte's FOIA request in a June 2009 letter. It explained that the 2008 Farm Bill exempted the USDA from disclosing the GIS data and that Central Platte did not qualify for the cooperator exception because it had not "met the criteria established for certification as an organization that is working in cooperation with the USDA on a Department program." The letter did not respond to Central Platte's Privacy Act request.

Central Platte timely appealed the FOIA decision in July 2009. While still awaiting a response, Central Platte sued the USDA in federal court in September 2009, alleging that the refusal to release the GIS data violated FOIA. The USDA then denied Central Platte's appeal of the agency's FOIA determination in November 2009. It explained that it would not release the GIS data under FOIA because Central Platte did not need the information to fulfill its role as a cooperator. The USDA also stated that Central Platte could not obtain the GIS data under the Privacy Act because the cited routine uses were inapplicable. As a result Central Platte amended its

complaint, alleging that the USDA violated the APA in refusing to release the data under the Privacy Act's routine use exceptions.

The district court granted the USDA's motion for summary judgment on Central Platte's FOIA claim, holding that the department was not required to disclose the requested GIS data. The district court also dismissed Central Platte's APA claim, finding that the claim was barred because FOIA provided Central Platte with an adequate remedy. Central Platte appeals those rulings.

## II.

We review de novo a district court's grant of summary judgment, viewing all facts and making all reasonable inferences in the light most favorable to the nonmoving party. Comcast of Ill. X v. Multi-Vision Elecs., Inc., 491 F.3d 938, 943 (8th Cir. 2007). Summary judgment is appropriate where no genuine issues of material fact exist. Pendleton v. QuikTrip Corp., 567 F.3d 988, 992 (8th Cir. 2009).

FOIA generally mandates broad disclosure of government records. See 5 U.S.C. § 552; C.I.A. v. Sims, 471 U.S. 159, 166 (1985). Congress has recognized, however, that some information must remain confidential and has created nine exceptions to FOIA's general disclosure principles. 5 U.S.C. § 552(b). Relevant here is FOIA exception 3 which permits nondisclosure if another statute specifically exempts the information from disclosure and "refers to particular types of matters to be withheld . . . ." 5 U.S.C. § 552(b)(3)(A)(ii).

When determining whether FOIA exemption 3 is applicable, the court first decides if a statute is a withholding statute and then determines "whether the information sought after falls within the boundaries of the non-disclosure statute." Ass'n of Retired R.R. Workers, Inc. v. U.S. R.R. Ret. Bd., 830 F.2d 331, 332 (D.C. Cir. 1987) (citation omitted). If a statute qualifies for FOIA exemption 3, then the

agency need not disclose the requested data. Id. at 333. Exemption 3 is different from other FOIA exemptions because "its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within that statute's coverage." Goland v. C.I.A., 607 F.2d 339, 350 (D.C. Cir. 1978).

Generally a district court reviews FOIA complaints "de novo," 5 U.S.C. § 552(a)(4)(B), but the statutory de novo standard has been modified in FOIA exemption 3 cases. In such cases, a district court reviews de novo whether the statute qualifies for FOIA exemption 3 and whether the requested information at least arguably falls within the ambit of the withholding statute. Church of Scientology Int'l v. U.S. Dep't of Justice, 30 F.3d 224, 235 (1st Cir. 1994). If the district court determines that these two requirements are met, then "FOIA de novo review normally ends." Id. (citation omitted).

Limiting the course of de novo review in FOIA exemption 3 cases has not been the universal practice. For instance, the court in Long v. I.R.S.,742 F.2d 1173, 1181 (9th Cir. 1984), called it "inconceivable" that Congress intended such "an irrational construction" in FOIA exemption 3 cases. Nevertheless, it has been limited in circumstances where a withholding statute has given an agency discretion to *disclose* information that would otherwise be withheld, as opposed to discretion to *withhold* data that would otherwise be available. For example, in Ass'n of Retired Railroad Workers, Inc., the district court only reviewed de novo whether a relevant withholding statue existed and whether the requested data fell within that statute. 830 F.2d at 332. In finding the limited de novo review appropriate, the D.C. Circuit specifically distinguished the Ninth Circuit's Long decision, holding that the "statute at issue in Long stated criteria by which disclosure could be defeated . . . [and Ass'n of Retired Railroad Workers, Inc.], by contrast turns on a provision that gives an agency discretion to disclose." Id. at 336.

This limited de novo review may define the entire scope of review in FOIA exemption 3 cases. The D.C. Circuit, in Ass'n of Retired Railroad Workers, Inc. suggested that "[n]o more was required" after a district court completed its de novo review, 830 F.2d at 337, but also stated that it "[did] not rule" on whether that would always complete "the requisite scope of review in Exemption 3 cases." Id. at 336. The First Circuit has decided, however, that any additional review of an agency's decision should be done "under more deferential, administrative law standards" which decides only whether the agency's action was arbitrary and capricious. Aronson v. IRS, 973 F.2d 962, 967 (1st Cir. 1992).

The district court in this case determined that the 2008 Farm Bill qualified as a withholding statute under FOIA exemption 3 so that the USDA was not required to disclose the requested GIS data. In making that determination, the district court employed a "hybrid" standard of review, reviewing de novo whether the 2008 Farm Bill qualified as a withholding statute and then reviewing for abuse of discretion the agency's determination not to disclose the requested data. The district court further concluded that no issues of material fact remained. Central Platte contends that the district court erred in those determinations.

We conclude that the district court did not err in deciding that the USDA was not required to disclose the requested GIS data. The district court first properly determined, after de novo review, that the 2008 Farm Bill is a withholding statute for purposes of FOIA exemption 3. The statute specifically contains a "prohibition" on the disclose of "geospatial data . . . about agricultural land or operations . . . ." 7 U.S.C. § 8791(b)(2)(B); see also Ctr. for Biological Diversity v. USDA, 626 F.3d 1113, 1116 (9th Cir. 2010) (holding that 7 U.S.C. § 8791 satisfies the requirements of a withholding statute under FOIA exemption 3). The parties agree that the 2008 Farm Bill is a withholding statute within the meaning of FOIA exemption 3 and that the requested GIS data fell within it.

The district court's de novo review then properly ended. While courts disagree about limiting de novo review in FOIA exemption 3 cases, we conclude that the district court's limited de novo review was appropriate here because there is no dispute that the 2008 Farm Bill qualified for FOIA exemption 3 status or that the GIS data fell within the statute. Furthermore, the 2008 Farm Bill, like the statute at issue in Ass'n of Retired Railroad Workers, Inc., presumes that GIS data should not be disclosed but then provides that the agency "may release or disclose the information" to cooperators under limited circumstances. 7 U.S.C. § 8791(2)–(3)(A)(i). The district court then went on to consider whether the USDA's decision not to disclose the data under the limited cooperator exception in the 2008 Farm Bill was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

Like the court in Ass'n of Retired Railroad Workers, Inc., we need not undertake whether the district court's additional layer of review was in error because it is clear that limited de novo review "can satisfy FOIA" in this case. 830 F.2d at 336. Congress expressly prohibited the disclosure of the GIS data in the 2008 Farm Bill and Central Platte's request fell within that prohibition. The district court's de novo review of these findings was all that was required, and it did not err in concluding that the USDA was not required to disclose the GIS data.

III.

Central Platte also appeals the district court's dismissal of its APA claim. We review de novo the district court's grant of a motion to dismiss. Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010). In conducting our review, we accept all facts in the complaint as true and grant all reasonable inferences in favor of the nonmoving party. Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009).

Under the APA an entity aggrieved by final agency action is entitled to judicial review. 5 U.S.C. § 702. While a presumption exists to permit judicial review of

agency decisions, the APA only allows review where there exists "no other adequate remedy in a court." 5 U.S.C. § 704; Brem-Air Disposal v. Cohen, 156 F.3d 1002, 1004 (9th Cir. 1998) (holding that a court lacks jurisdiction over an APA claim where Congress has provided an adequate alternative remedy under another statute).

FOIA specifically bars judicial review of an APA claim where the claimant seeks "a court order" to produce the same documents under both FOIA and the APA. Walsh v. U.S. Dep't of Veteran Affairs, 400 F.3d 535, 537–38 (7th Cir. 2005); see 5 U.S.C. § 552(a)(4)(B) (permitting a court to order the production of documents pursuant to FOIA). In instances where a FOIA exemption prohibits disclosure, "the Privacy Act makes such withholding mandatory upon the agency." News-Press v. U.S. Dep't of Homeland Sec., 489 F.3d 1173, 1189 (11th Cir. 2007). A claimant may simultaneously pursue claims under the APA and FOIA, however, if the requested remedy under the APA includes more than disclosure of documents, such as vindication for a First Amendment violation. Nat'l Ass'n of Waterfront Emp'rs v. Chao, 587 F. Supp. 2d 90, 97–98 (D.D.C. 2008). A party may advance an APA claim as well as another type of claim only if the APA claim does not duplicate "existing procedures for review of an agency action." Radack v. U.S. Dep't of Justice, 402 F. Supp. 2d 99, 104 (D.D.C. 2005) (citation omitted).

The district court dismissed Central Platte's APA claim because it found that the FOIA provided an adequate alternative remedy. Central Platte argues that it can sustain its APA claim because it stems from an alleged violation of the Privacy Act while its FOIA claim arises out of an alleged violation of that statute. Central Platte asserts that this case is similar to Radack, where the plaintiff could concurrently assert claims under both the APA and the Privacy Act for improper disclosure of information. Id. Central Platte further argues that a finding that FOIA provides an adequate remedy would effectively make unreviewable the USDA's decision not to disclose the GIS data under the Privacy Act's routine use exceptions.

We disagree. Central Platte's requested relief under both FOIA and the APA distinguishes this case from <u>Radack</u>. There, the claimant had requested monetary relief under the Privacy Act and declaratory and injunctive relief under the APA. <u>Id.</u> Here, by contrast, Central Platte seeks declaratory judgment and a court order requiring the production of documents under both its APA claim and its FOIA claim. FOIA therefore provides Central Platte with an "adequate remedy in a court." 5 U.S.C. § 704. Congress did not mean for the APA's review procedures to duplicate existing review mechanisms. <u>Walsh</u>, 400 F.3d at 538. Such a duplication would result if both Central Platte's APA and FOIA claims proceeded simultaneously because the district court would twice determine whether the agency should be required to disclose the same data. Moreover, Central Platte's APA claim remains subject to the 2008 Farm Bill which, as we have already determined, did not require the USDA to disclose the GIS data. We therefore hold that Central Platte's APA claim is barred.

For these reasons we affirm the judgment of the district court.

_____