25-212-cv
*Bal v. U.S. Department of the Treasury*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-six.

Present:

>AMALYA L. KEARSE,
>WILLIAM J. NARDINI,
>BETH ROBINSON,
>> *Circuit Judges*.

---

JOHN BAL

>*Plaintiff-Appellant,*

>v.                                                                                      25-212-cv

U.S. DEPARTMENT OF THE TREASURY'S OFFICE OF FOREIGN ASSETS CONTROL, CHARLES BISHOP, SANCTIONS COORDINATOR, OFFICE OF FOREIGN ASSETS CONTROL, JASON E. PRINCE, CHIEF COUNSEL, OFFICE OF FOREIGN ASSETS CONTROL, MARSHALL FIELDS, ASSISTANT DIRECTOR, OFFICE OF FOREIGN ASSETS CONTROL,

>*Defendants-Appellees,*

1

UNITED STATES DEPARTMENT OF THE TREASURY, PAYPAL, INC., JOHN DOE, AN EXECUTIVE OR AGENT OF PAYPAL, ROBERT HURST, AKA BOB, PAYPAL COMPLIANCE TRANSACTION OFFICER,

*Defendants.*

---

For Plaintiff-Appellant:               JOHN BAL, *pro se*, New York, NY

For Defendants-Appellees:          PETER ARONOFF (Benjamin H. Torrance, *on the brief*), Assistant United States Attorney, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Ona T. Wang, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant John Bal appeals from a judgment of the United States District Court for the Southern District of New York entered on December 10, 2024, dismissing his First Amended Complaint ("complaint") in part and granting summary judgment to the Defendants-Appellees ("appellees") in remaining part. On August 13, 2018, Bal attempted to rent an apartment in Cuba for $400, but PayPal blocked his rental payment pursuant to regulations promulgated by the U.S. Department of the Treasury Office of Foreign Assets Control ("OFAC"). Bal asked OFAC to unblock the payment, and OFAC initially refused because the payment involved the interest of a "sanctions target," but ultimately authorized PayPal to release the funds. *Bal v. U.S. Dep't of the Treasury*, No. 21-CV-4702, 2023 WL 6517738, at *1 (S.D.N.Y. Oct. 5, 2023) ("*Bal I*"). On October 26, 2020, PayPal returned $393.07 to Bal, *id.*, and the remaining $6.93, which represented PayPal's fee, was reimbursed on a later date. *Bal v. U.S. Dep't of the*

*Treasury*, No. 21-CV-4702, 2024 WL 5056346, at \*1 (S.D.N.Y. Dec. 9, 2024) ("*Bal II*"). Bal also made a Freedom of Information Act ("FOIA") request to OFAC seeking records about the blocked transaction, and OFAC produced a three-page document with redactions. *Id.*

Bal sued OFAC and three of its employees, bringing a claim for a violation of his due process rights and claims under FOIA, 5 U.S.C. § 552. Bal also asserted a claim under the Federal Tort Claims Act, 28 U.S.C. § 2680(h), but subsequently voluntarily withdrew it. The district court granted appellees' motion to dismiss Bal's due process claim and most of his FOIA claims pursuant to Federal Rule of Civil Procedure 12(b)(6), but allowed Bal's FOIA claims challenging redactions to the produced records to proceed. *Bal I*, 2023 WL 6517738, at \*3–\*5. The parties subsequently cross-moved for summary judgment, and the district court granted the appellees' motion, reasoning that the redactions were proper. *Bal II*, 2024 WL 5056346, at \*2, \*4–\*5. We assume the parties' familiarity with the case.

**I.    The District Court Correctly Dismissed Most of Bal's Claims Under Rule 12(b)(6)**

Bal primarily challenges the dismissal of most of his claims pursuant to Federal Rule of Civil Procedure 12(b)(6). "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023).[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Because Bal "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

## A. Procedural Due Process Claim

The district court construed Bal's assertion of a Fifth Amendment due process violation as a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), pursuant to which a federal official may be held personally liable for damages if the official personally violated a plaintiff's constitutional rights.[2] The Supreme Court has recognized the availability of *Bivens* claims in three specific contexts: to challenge unreasonable searches and seizures in violation of the Fourth Amendment, gender discrimination against a congressional employee in violation of the Fifth Amendment, and cruel and unusual punishment in violation of the Eighth Amendment. *See Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017) (citing *Bivens*, 403 U.S. 388, *Davis v. Passman*, 442 U.S. 228 (1979), and *Carlson v. Green*, 446 U.S. 14 (1980)). "[R]ecognizing a cause of action under *Bivens* is a disfavored judicial activity," and before doing so in a new context, courts must consider whether "special factors" suggest the judicial branch is

---

[2] Bal argues on appeal that he intended to pursue a claim under the Federal Tort Claims Act, not *Bivens*. But Bal's own opposition to appellees' Rule 12(b)(6) motion argued that he had sufficiently asserted, among other things, a claim under the "Bivens Doctrine," which he discussed. *See* Plaintiff's Opposition to the Defendants' Motion to Dismiss, Dist. Ct. Dkt. 61, at 2, 3–4 & n.6. However, the Federal Tort Claims Act does not authorize claims against federal officials in their official capacities or the federal government itself based on claimed violations of constitutional rights. *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999) ("Congress has not waived the government's sovereign immunity . . . under the Federal Tort Claims Act . . . from lawsuits based on constitutional claims."); *see also Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) ("To be actionable under the FTCA, a claim must allege, *inter alia*, that the United States would be liable to the claimant as a private person in accordance with the law of the place where the act or omission occurred."). So Bal's strongest potential claim in this circumstance was a *Bivens* claim.

"at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Egbert v. Boule*, 596 U.S. 482, 491–92 (2022). A new context arises when, for example, "there is a new constitutional right at issue" or "a new category of defendants," and special factors include whether there is an "alternative remedial structure" for addressing the claim. *Id.* at 492–93, 498.

The district court properly determined that Bal's claim presented a new context. While the Supreme Court recognized a Fifth Amendment claim for *Bivens* purposes in *Davis*, as the district court noted, that claim arose in the context of equal protection, not procedural due process, and involved sex discrimination by a member of Congress, not an agency employee. *See Davis*, 442 U.S. at 230, 234–35. A further—and important—point of departure from *Davis*, as the district court noted, is that OFAC Sanctions Coordinator Charles Bishop acted pursuant to OFAC regulations, while the official in *Davis* did not act pursuant to any statutory or regulatory authority.

The district court properly determined that a special factor cautioned against extending *Bivens* into this context, namely the existence of an alternative remedial structure for disputes over blocked funds. Bal does not dispute that OFAC offered an alternative method for releasing his blocked funds through an application process. *See* Office of Foreign Assets Control, *Frequently Asked Questions No. 51* (Oct. 8, 2013), https://ofac.treasury.gov/faqs/51. Thus, because Bal's claim would have asserted a new constitutional right that is similar to an existing right for which a remedy already exists, the district court did not err by declining to extend *Bivens* into this new context and dismissing the claim. *See Egbert*, 596 U.S. at 491–92.

### B. Interference with Contract Claim

Bal contends that the district court failed to consider a claim he initially asserted against OFAC for interference with contract. But Bal voluntarily withdrew this claim and cannot reassert

it on appeal.  *See Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987) ("It is well settled that a plaintiff who seeks and receives a voluntary dismissal of his action without prejudice usually cannot maintain or prosecute an appeal from the order of dismissal.").  Bal has proffered nothing to indicate that deviation from the normal rule is appropriate in this case.

### C.  FOIA Claims

Bal's complaint sought (1) an order enjoining OFAC from withholding records and ordering production of those records; (2) an order enjoining OFAC from violating FOIA; (3) an order reversing defendant Jason Prince's denial of Bal's administrative appeal; (4) an order finding that defendant Marshall Fields constructively denied Bal's FOIA request and violated FOIA; and (5) damages for various FOIA violations.  *Bal I*, 2023 WL 6517738, at *4.  The district court dismissed the claims against Fields and Prince because the only proper defendant in a FOIA case is a federal agency, and dismissed the claim for damages for alleged FOIA violations because FOIA does not provide for damages as a remedy.  *Id*.  The court further denied Bal's FOIA claims against the government for failure to produce documents as moot because the government had subsequently produced Bal's records.  *Id.*

The district court correctly dismissed each of these claims.  FOIA claims can only be brought against a federal agency.  *See* 5 U.S.C. § 552(a)(4)(B) (authorizing suit against an "agency"); *see also Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (FOIA "concern[s] the obligations of agencies as distinct from individual employees in those agencies.").  Further, the district court properly dismissed any claim for damages because FOIA authorizes only injunctive relief.  *See* 5 U.S.C. § 552(a)(4)(B) (district courts have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records

improperly withheld from the complainant"); *Cornucopia Institute v. U.S. Dep't of Agric.*, 560 F.3d 673, 675 n.1 (7th Cir. 2009) ("Plaintiffs are not entitled to monetary damages for violations of FOIA because 5 U.S.C. § 552(a)(4)(B) authorizes only injunctive relief.").

Bal contends that the district court erred by dismissing as moot his claim concerning the denial of his administrative appeal, in which he sought to compel a response to his then-pending FOIA request. But this claim was mooted because he received the response that he sought to compel in November 2021. *See Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001) ("[W]hen the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, a case is moot and the federal court is divested of jurisdiction over it.").

## II. The District Court Correctly Granted the Government Summary Judgment on Bal's Remaining FOIA Claim

We review *de novo* a district court decision granting summary judgment in a FOIA action. *Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 69 (2d Cir. 2009). The defending agency has the burden of demonstrating that its search was adequate and that any withheld documents fall into an exemption to FOIA. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Id.* Agency declarations or affidavits "are accorded a presumption of good faith," and a FOIA "plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Id.*

Bal challenges the district court's conclusion that he had failed to demonstrate that OFAC

7

acted in bad faith, and suggests that the requested documents should have been released in full because PayPal did not "object to releasing its records." Appellant's Br. at 10. But neither argument impugns OFAC's declaration concerning the adequacy of its search (which Bal did not challenge in the district court) or the appropriateness of the redactions. The appellees presented a declaration that described each redaction and the reasons for it, which was entitled to a presumption of good faith. Contrary to Bal's argument, the agency's delay in responding to the request did not show bad faith. *See Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489–90 (2d Cir. 1999) (explaining that agency's production of documents, "though not effectuated in a timely fashion," did not demonstrate bad faith). And although PayPal did not object in the litigation, OFAC did not need PayPal's input to determine that the requested information fell within FOIA exemptions. Moreover, OFAC's *Vaughn* index, *see Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C. Cir. 1973); *Halpern v. FBI*, 181 F.3d 279, 290 (2d Cir. 1999), notes that PayPal "determined that this information is normally kept confidential by the company and is not shared publicly," and that "public disclosure would reveal certain details about its internal compliance policies and procedures, including its internal processes for reporting confidential information to the government—details that could be used to facilitate sanctions evasion." Defendants-Appellees' App'x at 83; *see* 5 U.S.C. §§ 552(b)(4), (b)(6). Accordingly, the district court properly awarded summary judgment to OFAC on Bal's redaction-related claims.

\* \* \*

We have considered Bal's remaining arguments and find them unpersuasive. Accordingly, the judgment of the district court is **AFFIRMED**. We also deny Bal's motion to

correct the record to specify that he wished to sue the appellees in both their official and individual capacities as well as his motion to "clarify" the attorneys of record for the appellees.[3]

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[3] As discussed above, the district court appropriately construed Bal's complaint to raise a *Bivens* claim, which is by nature a claim against Bishop in his individual capacity only. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013). And because FOIA only authorizes suits against agencies, Bal's claims against Prince and Fields were best construed as asserted against those officers in their official capacities only. Thus, there is no need to correct the record with respect to the capacities in which appellees were sued. And because the United States Attorney's Office represents all Treasury appellees, there is no need to clarify the scope of representation further.

9