**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 14, 2011
Decided August 18, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2128

| | |
|---|---|
| THOMAS KOUGH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:06-cv-05235 |
| TEAMSTERS' LOCAL 301 PENSION | |
| PLAN, *et al.*, | **James B. Zagel**, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

This appeal from a denial of disability benefits under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, poses some unusual problems. Plaintiff Thomas Kough was a member of the Teamsters for many years and a participant in the union's pension plan, which also provided for disability benefits. Kough first became disabled in 1998, however, at a time when he was not working for a unionized employer. The employee benefit plan run by his union denied benefits for that disability in 1999, and that denial is not contested here. But in 2005, Kough tried to go back to work with a unionized employer. He soon

suffered a heart attack and abandoned his attempt to work. The relationship between the 1998 disability and the 2005 heart attack is the root of the problem here. Complicating matters a little further, Kough made only an oral request for disability benefits from the union plan in 2005, and the plan denied the request in a terse letter. After exhausting administrative remedies with the plan, Kough filed suit challenging the 2005 denial.

We provide only a brief summary of the complicated history of this dispute. The case was a moving target for the district court, but it has stopped long enough for us to take aim here. In the course of the litigation, the defendants informed Kough that his 2005 application for benefits was missing evidence from the Social Security Administration sufficiently linking his 2005 heart attack to his being disabled. The district court initially granted summary judgment for the defendants but later granted a Rule 60(b) motion and remanded the decision after Kough secured additional evidence from the Social Security Administration. On remand, the Trustees granted Kough eight months of disability benefits for the period September 2008 through April 2009, when his union retirement benefits took effect anyway. The Trustees denied him benefits for October 2005 through August 2008. When that issue returned to court, the district court granted summary judgment for the defendants. Kough appealed.

We conclude that the 2005 denial letter failed to comply with ERISA's notice requirement in 29 U.S.C. § 1133. It did not explain adequately why Kough was denied benefits and did not inform him that his application was missing evidence from the Social Security Administration. We reverse the district court's judgment with instructions to remand to the Trustees for a de novo determination of whether Kough is entitled to disability benefits for October 2005 through August 2008. We also remand to the district court to reconsider whether Kough is entitled to attorney fees. While the district court properly relied on Seventh Circuit law in denying the plaintiff attorney fees under the then-governing "prevailing party" test, the Supreme Court has taken a different approach in *Hardt v. Reliance Standard Life Insurance Company*, ___ U.S. ___ , 130 S. Ct. 2149 (2010), rejecting the "prevailing party" test. The district court must take a fresh look under *Hardt* to determine if Kough is entitled to attorney fees.[1]

I. *Issues and Standard of Review*

We review a district court's grant of summary judgment de novo. *Schneider v. Sentry Group Long Term Disability Plan*, 422 F.3d 621, 626 (7th Cir. 2005). We view all facts in the light most favorable to the non-moving party. *James v. Sheahan*, 137 F.3d 1003, 1006 (7th Cir. 1998). We will reverse an ERISA plan's denial of benefits where the plan administrators have not

---

[1]The defendants have filed a motion to strike portions of Kough's brief that allege that the Trustees showed bias towards him. Because we do not rely on these statements, we deny the defendants' motion as moot.

complied with ERISA notice requirements. *Love v. National City Corp. Welfare Benefits Plan*, 574 F.3d 392, 396 (7th Cir. 2009).

On appeal, Kough argues first that the 2005 denial letter violated ERISA notice requirements; second, that the Plan provided an arbitrary and post-hoc rationale for denying Kough benefits (the missing Social Security Administration evidence); and third, that the district court abused its discretion in denying Kough attorney fees and costs. We agree that the 2005 denial letter violated ERISA's notice requirement under § 1133. Plaintiff Kough is entitled to summary judgment on that issue. The remedy, however, is not an award of benefits but a remand to the Plan for a de novo determination of whether Kough qualified for disability benefits from October 2005 through August 2008. We therefore bypass the substance of the Plan's reasons for denial. We first address the Plan's noncompliance with ERISA's notice requirement and then turn to the attorney fees issue.

II. *ERISA Notice Requirements*

ERISA sets out the following minimum requirements that a plan must meet when denying benefits:

In accordance with regulations of the Secretary, every employee benefit plan shall –
(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant . . .

29 U.S.C. § 1133. The corresponding Department of Labor regulation requires that the following elements be included in notice of an adverse benefit determination:

The notification shall set forth, in a manner calculated to be understood by the claimant –
    (i) The specific reason or reasons for the adverse determination;
    (ii) Reference to the specific plan provisions on which the determination is based;
    (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
    (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action . . .
    (v) In the case of an adverse benefit determination by a group health plan or a plan providing disability benefits,
        (A) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule,

> guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request . . .

29 C.F.R. § 2560.503-1(g). Under this regulation, "substantial compliance is sufficient." *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 690 (7th Cir. 1992). Not all procedural defects will disturb the plan's decision, but in the case of significant errors in "erroneously interpreting and applying section 1133 . . . fairness requires that [the plan's] decision be set aside." *Id.*, quoting *Wolfe v. J.C. Penney Co. Inc.*, 710 F.2d 388, 393 (7th Cir. 1983), *abrogation on other grounds recognized by Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 n.4 (1994).

In this case, the Plan's October 6, 2005 denial letter was procedurally inadequate and not in substantial compliance with ERISA and its regulations. The entirety of the explanation provided to Kough as to why he was denied benefits was:

> I regret to inform you that due to the fact that you have not become permanently disabled while employed in covered service, you are not eligible to receive a disability retirement benefit from Local 301's Pension Fund.

At least under the circumstances of this case, with the complication caused by Kough's prior disability and attempt to return to work, this denial letter did not comply with subsections (i), (ii), (iii), (iv), or (v) of the regulations. It did not provide all of the specific reasons for the adverse determination, did not reference the specific plan provision on which it was based, did not provide a description of any additional material required, did not include a statement of the claimant's right to bring a civil action, and did not provide reference to the criteria relied on in making the adverse decision.

The most problematic issue is that the letter did not provide a "description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary," as required by 29 C.F.R. § 2560.503-1(g)(1)(iii). Only much later, in the midst of litigation, the defendants informed Kough, in communications with his attorney and in their Memoranda supporting their Motion for Summary Judgment, that they required evidence from the Social Security Administration that Kough's disability from 2005 forward was related to his 2005 heart attack. The Plan should have made this requirement known in the initial denial letter.

The defendants argue, and the district court agreed, that the Plan was in substantial compliance with the ERISA notice requirements. We disagree. Regardless of what the written Plan required of Kough, or what previous knowledge the plaintiff had of the Plan's requirements, the Plan erred in not complying with ERISA notice requirements. The Plan's

violation is understandable. Kough's claim may have looked futile – the Plan may have thought that he had not "become permanently disabled" while in covered employment in 2005 because he had "become permanently disabled" in 1998. Nevertheless, that apparent futility did not mean that the Plan could avoid its responsibilities under ERISA. Kough should not have been required to infer from the denial letter why he was denied disability benefits or whether any additional information was required of him. "[T]he ERISA claims process is not designed to be an endurance contest, where an employee must continue to appeal, without knowing what information the [plan] requires." *Schleibaum v. Kmart Corp.*, 153 F.3d 496, 499 (7th Cir. 1998).

Kough argues not only that the October 6, 2005 denial letter was inadequate but that the Plan's benefits decision was arbitrary and merits de novo review by this court because it was a post-hoc rationalization prohibited by *Matuszak v. Torrington Company*, 927 F.2d 320, 322-23 (7th Cir. 1991). Kough argues that this is so because the denial letter said only that Kough was denied benefits because he had "not become permanently disabled while employed in covered service," but the Plan later changed positions when it required evidence from the Social Security Administration connecting his disability with his 2005 heart attack.

We are not persuaded that de novo review is required. The Plan did not so much change positions here – Section 6.3 of the Plan provides benefits if a person "becomes totally and permanently disabled" while in covered service as evidenced by a Social Security Administration Certificate of Insurance Award – as fail to inform Kough adequately of why he was denied benefits and whether there was anything else required of him. That failure has meant years of litigation for Kough and the Plan.

III. *Remedy for Procedural Violation*

We now turn to the question of the appropriate remedy for the Plan's procedural violation. The remedy is not, as the plaintiff argues, an award of benefits. An award of benefits is appropriate only where evidence is "so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on any ground." *Love*, 574 F.3d at 398, quoting *Gallo v. Amoco Corp.*, 102 F.3d 918, 923 (7th Cir. 1996). Where, as here, it is not clear from the record that the plaintiff is entitled to benefits, the more appropriate remedy is to remand to the plan administrator for a de novo benefits determination. *Id.* The Plan must make a de novo determination of whether Kough is entitled to disability benefits for October 2005 through August 2008.

In remanding the disability benefits determination to the Plan, a couple of additional issues deserve discussion. First, because the Plan failed to convey adequately in its 2005 denial letter that it required evidence from the Social Security Administration, the Plan's de novo benefits determination must be made in light of the evidence Kough was able to secure. It does not

make sense that Kough would be denied benefits before September 2008 because "the first month the Trustees had the opportunity to consider [the Social Security Administration] evidence was August 2008." The reason for the delay was the Plan's violation of the ERISA notice requirements by not notifying Kough that it required this evidence earlier.

The second issue is that the Plan, on remand from the district court, already made a decision that Kough was entitled to disability benefits for an eight-month period, between September 1, 2008 through April 30, 2009. While Kough remains entitled to those benefits, we disagree with Kough that the Plan should be bound by that prior decision for October 2005 through August 2008. The Trustees granted Kough benefits at least in part because it seemed more prudent to pay benefits for a few months rather than to continue with this already protracted litigation. See Short App. 7 (Trustees' April 23, 2009 decision) (noting that "the potential cost to the Fund of further litigation, and the impact of that cost on the other participants and beneficiaries, exceeds the value of [Kough's] benefit from the period September 1, 2008 to April 30, 2009."). The Plan should not be bound by that earlier determination when making a de novo determination of whether Kough is entitled to a larger amount of disability benefits for October 2005 through August 2008. The Plan should consider the benefits decision anew for that period, based on all available information.

IV. *Attorney Fees*

We now turn to Kough's argument that the district court erred in not awarding him attorney fees and costs under ERISA, 29 U.S.C. §1132(g)(1), which provides that a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." We review a district court's decision to deny attorney fees for an abuse of discretion. *Holmstrom v. Metropolitan Life Ins. Co.*, 615 F.3d 758, 779 (7th Cir. 2010).

After remanding the benefits decision to the Plan, the district judge concluded that he was "unwilling to say that the plaintiff in this case was a prevailing party" and thus entitled to attorney fees. Short App. 9, at 3 (transcript of Sept. 25, 2008 proceedings). The district court correctly applied this circuit's then-governing law providing that only "prevailing parties" may recover attorney fees under 29 U.S.C. § 1132(g)(1). *Pakovich v. Verizon LTD Plan*, ___ F.3d ___, 2011 WL 3010497, at *5 (7th Cir. July 22, 2011).

The Supreme Court has since decided *Hardt v. Reliance Standard Life Ins. Co.*, which overruled this circuit's "prevailing party" test. See *Holmstrom*, 615 F.3d at 766 n.6. The Supreme Court held in *Hardt* that a court "in its discretion" may award costs and fees under ERISA, 29 U.S.C. § 1132(g)(1), as long as a party has achieved "some degree of success on the merits." 130 S. Ct. at 2152. As the Court explained in *Hardt*, a party achieves "some degree of success on the merits" if it achieved more than "trivial success on the merits" or a "purely procedural victor[y]," and if the court "can fairly call the outcome of the litigation some success

on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." *Id*. at 2158 (quotation marks and citations omitted). In light of *Hardt*, we must vacate the district court's decision on the attorney fees issue and remand to the district court for reconsideration.

We note a few issues for the district judge to consider, among others. First, in deciding whether the plaintiff was a "prevailing party," the district judge noted that Kough's difficulties were caused by the Social Security Administration, not the defendants. The district judge said, "there's no question that the plaintiff has been disadvantaged and as a result of this litigation his disadvantage in the proceedings before the Trustees has been removed, but the cause of his difficulties is not the Plan Trustees . . . if there were some way to award fees and costs to be paid by the Social Security Administration in this case, I'd be happy to do that, but I don't think this defendant owes you fees and costs." Short App. 9, at 4-5. The district judge should reconsider this rationale in light of our decision that the Plan violated ERISA notice requirements.

Second, the district judge made his decision not to award attorney fees before the Plan decided to award some disability benefits to Kough. As the district judge noted when he made his decision, "things could change depending on what happens when the Plan makes a new decision based on the new [Social Security Administration] document." The Plan has since awarded Kough eight months worth of disability benefits. This award most certainly represents "some success on the merits," as required by *Hardt*. 130 S. Ct. at 2158-59 (finding "some degree of success on the merits" where district court remanded benefits determination to administrator for reconsideration and plaintiff was awarded benefits).

The defendants' argument that this award does not represent "some degree of success on the merits" is unconvincing. They argue that Kough should not be awarded fees because the decision to grant him benefits was a "purely procedural victory" because it resulted from a Rule 60(b) remand. In oral argument, the defendants noted that the remand in this case was analogous to a procedural "sentence six" remand in the context of Social Security disability cases. When a district court reviews a Social Security Administration decision, the district court may remand the decision to the agency pursuant to either sentence four or sentence six of 42 U.S.C. § 405(g). See *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, et al.*, 195 F.3d 975, 978-79 (7th Cir. 1999) (analogizing remands in the context of ERISA to remands in the context of Social Security decisions). In a sentence four remand based on a finding of error, the district court may immediately enter judgment "affirming, modifying, or reversing the decision," with or without remanding an issue. In a sentence six remand based on new evidence, an entry of judgment is made only after the issue has been remanded, the agency has made a decision, and the decision is filed with the district court. *Shalala*, 509 U.S. at 297 & nn. 1-2. While the remand from the district court here reopened the case based on newly discovered evidence, the decision to grant Kough benefits

was not a "purely procedural victory." After the remand, the district judge granted summary judgment for the defendants, and that final decision left Kough with eight months of disability benefits more than he had before the remand. That represents "some success on the merits" under *Hardt*.

The third consideration for the district court is that while *Hardt* overruled the "prevailing party" test for the award of attorney fees, it did not change the second step courts undertake in deciding whether to award fees. See *Hardt*, 130 S. Ct. at 2158 n.8, cited in *Pakovich*, 2011 WL 3010497, at *5. After a court determines a party is eligible for attorney fees, the court must still determine whether fees should be awarded. Our court has recognized two tests to guide the court in making this decision. See *Herman v. Central States, Southeast and Southwest Areas Pension Fund*, 423 F.3d 684, 696 (7th Cir. 2005). The first is to consider "whether the [d]efendant['s] litigation position was substantially justified and taken in good faith or whether [it was] out to harass [the plaintiff]." *Pakovich*, 2011 WL 3010497, at *5. Courts may also consider five factors in making this determination: "(1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions." *Id*. at 5 n.2, citing *Herman*, 423 F.3d at 696. We defer to the district court to undertake this second step of the analysis to determine whether Kough should be awarded attorney fees. The district judge has faced a moving target over the years in this protracted and unusual litigation. We are confident he will exercise sound discretion in deciding whether to award fees, and in what amount, in order to bring this matter to resolution.

We **REVERSE** the district court's judgment and **REMAND** to the district court to reconsider the attorney fees issue and with instructions to **REMAND** the disability benefits decision to the Plan for a de novo determination of whether Kough qualifies for disability benefits for the period of October 2005 through August 2008.