In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3288

ZACHARY MEDLOCK,

*Plaintiff-Appellant,*

*v.*

TRUSTEES OF INDIANA UNIVERSITY, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 11 C 977—**Tanya Walton Pratt,** *Judge.*

ARGUED FEBRUARY 21, 2012—DECIDED JUNE 29, 2012

Before EASTERBROOK, *Chief Judge*, BAUER, *Circuit Judge*, and SHADID, *District Judge*.*

BAUER, *Circuit Judge*. This case stems from the search of a student's dorm room at Indiana University in

* The Honorable James E. Shadid, District Judge of the United States District Court for the Central District of Illinois, sitting by designation.

Bloomington, Indiana. The plaintiff-appellant, Zachary Medlock, sought a preliminary injunction in district court to prevent enforcement of his one-year suspension from the University. Specifically, he asserts that the search of his room by state school officials (and later the campus police) violated the Fourth Amendment, and he claims that the University's suspension proceedings abridged his right to procedural due process under the Fourteenth Amendment. The district court disagreed and denied his request for a preliminary injunction. Medlock now appeals, and we dismiss the request for a preliminary injunction as moot.

## I. BACKGROUND

The facts relevant to our decision are few, so we will be brief. Medlock was a student at Indiana University, Bloomington, during the spring of 2011. He lived in a single room in a dormitory known as the Willkie Residence Center. On March 9, 2011, as part of a routine "health and safety inspection," two University resident assistants searched Medlock's dormitory room for safety hazards. Medlock was not present at the time of the search. When the resident assistants entered the room, they discovered marijuana in plain sight, and they notified the University police.

A University police officer later entered Medlock's room and seized the drugs. The possession of illegal drugs in a dormitory violates the University's housing policies; when officials reported the drug seizure to the Dean of Students, the Dean summarily suspended

Medlock for one year, effective March 11, 2011. Medlock first went through the University's appeal process. He petitioned both a University panel and the University's provost to request a reversal of the suspension decision, but he was unsuccessful. Medlock then filed the request for a preliminary injunction in federal court that is at issue in this appeal.

## II. DISCUSSION

In denying Medlock's request for a preliminary injunction to prevent enforcement of his suspension, the district court considered each of his constitutional arguments in turn. It held that his Fourth Amendment claims did not have a reasonable likelihood of success such that they would justify a preliminary injunction; it also examined his procedural due process claims and came to the same conclusion. But we need not consider these issues; we lack subject-matter jurisdiction in this appeal and therefore must dismiss it.

Article III of the Constitution limits federal courts' scope of judicial review to live cases and controversies. *See, e.g., A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). And in keeping with that limitation, this Court "must, on its own, dismiss a case as moot when it cannot give the petitioner any effective relief." *Id.* So although the parties did not raise the issue, we must as an initial matter decide whether this request for injunctive relief is moot. If it is—if we can no longer grant any effectual relief—then it is well-established that we lack subject-

matter jurisdiction and must dismiss. *See, e.g.*, *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011).

The only issue before us on this appeal is the denial of a preliminary injunction which sought to prevent the enforcement of an academic suspension. That suspension was to last for one academic year, and it went into effect on March 11, 2011. At oral argument in this matter on February 21, 2012, we confirmed that even were we to take immediate action to enjoin Medlock's suspension, he would not have been able to re-enroll and begin classes midway through the spring 2012 semester. The term of the suspension has now expired. Thus, even if we were to decide that Medlock's constitutional rights had been violated, a preliminary injunction would do him no good. There is simply nothing left to enjoin. And there are no other issues before us on this appeal—e.g., no request for damages or declaratory relief. Because we are unable to grant any effectual relief, the request for a preliminary injunction is dismissed as moot.

## III. CONCLUSION

For the aforementioned reasons, we dismiss the appeal.