In the

# United States Court of Appeals
### For the Seventh Circuit

———————

Nos. 15-2245, 15-2246, 15-2247 & 15-2248

DJL FARM LLC, *et al.*,

*Petitioners*,

*v.*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

*Respondents*.

———————

Petitions for Review of an Order of the
Environmental Protection Agency

———————

SUBMITTED FEBRUARY 5, 2016 — DECIDED FEBRUARY 23, 2016

———————

Before BAUER, FLAUM, and SYKES, *Circuit Judges*.

PER CURIAM. Petitioners DJL Farm LLC, Andrew H. Leinberger Family Trust, and William and Sharon Critchelow are landowners who challenge permits authorizing FutureGen Industrial Alliance to construct and operate wells to store carbon dioxide near their land.

Shortly before argument, FutureGen determined that it did not have enough money to develop the wells authorized by the permits and, with the EPA, moved to dismiss the con-

solidated petitions as moot. After hearing from both sides, we conclude that because the four permits expired on February 2, 2016, they are no longer in force and petitioners lack any concrete interest in challenging them. We therefore dismiss as moot the petitions for review.

## I.    Background

FutureGen Industrial Alliance was created to research and develop near-zero emissions coal technology and sought to use carbon capture and storage to develop the world's first near-zero emissions power plant in Morgan County, Illinois.

Geologic sequestration is part of the process known as carbon capture and storage, and involves the injection of carbon dioxide into deep subsurface rock formations for storage. This long-term underground storage is intended to reduce carbon dioxide emissions to the atmosphere and mitigate climate change.

The Safe Drinking Water Act requires the EPA to regulate underground injection of hazardous material under permits that will ensure protection of underground sources of drinking water. The EPA has determined that pressurized carbon dioxide is a hazardous material. Under EPA regulations finalized in 2010, all injection activities are prohibited until the owner or operator is authorized by permit. *See* 40 C.F.R. § 144.31.

In March 2013 FutureGen applied for permits to construct four Class VI underground injection control wells and inject approximately 22 million metric tons of carbon dioxide into the wells over a 20-year period. After requesting additional information, the EPA issued draft permits in March

2014. Petitioners submitted written comments challenging the permits during the public comment period.

In August 2014 the EPA issued four permits to FutureGen authorizing it to construct and operate underground injection control wells. They were the first to be issued under the new regulations governing injection control wells.

Petitioners filed timely petitions for review with the Environmental Appeals Board, which the Board denied. The EPA issued the final permits on May 7, 2015. Petitioners then sought review in this court.

In January 2015, the United States Department of Energy suspended funding for the FutureGen project authorized by the challenged permits. The permits were set to expire on May 7, 2016, unless construction of the wells had begun or an extension was allowed. After exhausting avenues to reinstate that funding, FutureGen determined that it will not proceed with development of the project. On February 2, 2016, FutureGen submitted a request to the EPA to advance the expiration of the permits.

Before receiving confirmation that the permits were expired, the EPA and FutureGen moved to vacate oral argument and dismiss the consolidated petitions for review as moot because the permits would no longer be in effect. Petitioners opposed the motion because it was not yet clear that the permits were expired or whether the permits could be transferred to another developer. The EPA and FutureGen submitted a letter from the EPA confirming that the permits are expired as of February 2, 2016, and filed a reply further supporting their motion to dismiss. We issued a short order

vacating oral argument and taking the motions papers under advisement.

## II.    Discussion

Federal courts lack subject matter jurisdiction when a case becomes moot. *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011). Accordingly, a case must be dismissed "if an event occurs while a case is pending … that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Id.* (quoting *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009)). The EPA and FutureGen submit that because the challenged permits are expired, there is no meaningful relief we could award to petitioners.

Petitioners respond that they also challenge the Environmental Review Board's order rejecting their challenges and ask us to vacate both the permits and the Board's order. Petitioners also argue that their petitions are not moot because it is not clear that the permits cannot be transferred, sold, reissued, or used as a basis, along with the Board's opinion, for issuing new permits for the same project in the same location.

Petitioners liken this situation to voluntary cessation of a challenged practice, which "does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). The Supreme Court imposes a stringent standard for determining whether a case has been mooted by a party's voluntary conduct: "A case might become moot if subsequent events made it absolutely clear that

the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)).

We conclude that FutureGen and the EPA have met this burden. They first explain that the Environmental Review Board's order in this case is not a separately reviewable action, and instead is a prerequisite to seeking judicial review of the permits. *See* 40 C.F.R. § 124.19(l)(2). They also explain that an expired permit cannot be transferred, reissued, or used as a basis for issuing new permits in the same location. Only active permits can be transferred under EPA regulations, *see id.* § 144.38(a), and a permit can be reissued only after an active permit is revoked, *see id.* § 144.39(b), which is inapplicable to an already-expired permit.

It is possible that the expired permits could be used as a reference for a new entity seeking a permit in the same location. But the new entity will have to go through the same regulatory process and may remedy the problems that petitioners identified in the current process. Even if FutureGen decided in the future to pursue new permits in the same location, it would have to repeat the regulatory process.

Petitioners challenge permits that are now expired. No entity can construct or operate injection control wells near their land without submitting a new application for a permit and completing the regulatory process. Because the challenged permits are no longer in effect and cannot be reissued absent new regulatory proceedings, there is no relief that we can grant to petitioners. Accordingly, the petitions are

DISMISSED as moot.